UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

Genworth Life and Annuity
Insurance Company,

    Plaintiff,

v.

Teresa Hall, Julie Ann Rouse,
Emily Caitlyn Bivins, Jordan
Seth Bivins (a minor), and
Jarrod Scott Bivins (a minor),

    Defendants.

Adversary No. 08-2006

OPINION AND ORDER

This adversary proceeding came before the court on February 26, 2008, for hearing on a motion for change of venue filed by James T. Ward, Chapter 7 Trustee for the bankruptcy estate of Teresa Hall, one of the defendants in this proceeding ("Movant"). A. Cotten Wright appeared on behalf of the Movant and Arlene M. Reardon appeared on behalf of Defendant, Julie Ann Rouse.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.

MATTER BEFORE THE COURT

This adversary proceeding is an interpleader action that was filed in the Superior Court of Guilford County by Genworth Life and Annuity Insurance Company, and is now in this court after having been removed by the Movant pursuant to 28 U.S.C. § 1452. Prior to the removal, Genworth deposited life insurance proceeds of $61,113.00 with the Clerk of Superior Court to be held pending a determination as to the proper beneficiary of the funds.

The life insurance proceeds were payable as a result of the death of Richard K. Bivins ("Decedent") on March 14, 2007. Prior to his death, the

Decedent allegedly submitted a request for change of beneficiary naming the Debtor, Teresa Hall, as beneficiary of the policy. Defendant Julie Ann Rouse is the former wife of the Decedent and has challenged the change of beneficiary, alleging that the signature of the Decedent on the change of beneficiary form is not genuine and that the Decedent was not competent to make a change of beneficiary.

On November 15, 2007, Defendant Teresa Hall commenced a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Western District of North Carolina which is pending in the Wilkesboro Division of that court. The Movant is the trustee for the bankruptcy estate of Teresa Hall. The motion for change of venue was filed by the Movant on February 11, 2008, and seeks to have this proceeding transferred to the Wilkesboro Division of the United States Bankruptcy Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1412.

ANALYSIS

Under 28 U.S.C. § 1412, a bankruptcy case or proceeding may be transferred to a court for another district "in the interest of justice or for the convenience of the parties." The party moving for a change of venue under 28 U.S.C. § 1412 bears the burden of proof and must show by a preponderance of the evidence that the interests of justice or the convenience of the parties would be served by a transfer of the case or proceeding. E.g., Huntington Nat'l Bank v. Indus. Pollution Control (In re Indus. Pollution Control), 137 B.R. 176, 181 (Bankr. W.D. Pa. 1992) ("The burden of proof that a change of venue is warranted is upon [the movant] and must be carried by a preponderance of the evidence."); In re Baltimore Food System, Inc., 71 B.R. 795, 802 (Bankr. D.S.C. 1986) ("The burden of proof with regard to the convenience to the parties and the interest of justice is . . . on the Movants."); In re Custom Builders of Steamboat, Inc., 349 B.R. 39, 42 (Bankr. D. Idaho 2005) ("The party urging a change of venue has the burden of showing, by a preponderance of the evidence, that a transfer is warranted."). As discussed in detail below, this court finds

that the Movant failed to carry his burden of proof.

I. Interest of Justice

In assessing the interest of justice, it is significant that this adversary proceeding involves discrete, nonbankruptcy issues that have not arisen previously and are not likely to arise again in the Debtor's pending bankruptcy case. In short, the issues will have to be decided only once. That being the case, it is not any more efficient from the standpoint of judicial economy for the issues in this proceeding to be tried and decided in the Western District rather than in this court.

Nor does it appear that the economic and efficient administration of the bankruptcy estate would be promoted to a significant degree by a transfer of this proceeding. While the administration of a bankruptcy case may require many hearings involving multiple contested and administrative matters, the resolution of this adversary proceeding will be resolved by a single trial. The trustee and attorney time required for the trial of this proceeding would be no less in the Western District than the time required in this District. The Movant is a resident of South Carolina and his proximity to this court is about the same as his proximity to a court sitting in the Wilkesboro Division of the Western District. While there may be some additional travel time for the attorney for the trustee in traveling from Charlotte to Greensboro rather than to Wilkesboro, the difference in travel time is not significant and should not increase the costs of administration in the bankruptcy case to a significant degree.

The other factors that are commonly considered in assessing whether the interest of justice[1] would be promoted by a change of venue likewise do not weigh in favor of a transfer of this proceeding. Thus, a fair trial is available in either venue and neither forum has a recognizable interest in having the controversy decided within its borders. Additionally, since the money at issue

---

[1] See Enron Corp. v. Harpreet S. Arora (In re Enron Corp.), 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004).

- 3 -

has been deposited with the court, enforcing a judgment entered by this court will be no more difficult than enforcing a judgment entered in the Western District. Finally, the deference that should be shown to a plaintiff's choice of forum weighs in favor of this court since this court is a proper venue[2] and is located in the county in which this proceeding was filed.

II. Convenience of the Parties

The location of the parties is of utmost importance in assessing whether the convenience of the parties would be furthered by a change of venue. In this case, the parties who remain active in this proceeding are the defendants, the parties with conflicting claims to the funds that have been deposited with the court. Defendants Julie Ann Rouse, Emily Caitlyn Bivins, Jordan Seth Bivins and Jarrod Scott Bivins are residents of Guilford County and reside within the Greensboro Division of the Middle District of North Carolina. In asserting a claim to the proceeds, they have challenged the authenticity of the change of beneficiary form and the mental competency of the Decedent. Their witnesses are projected to include members of the Decedent's family, his co-workers and his psychiatrist, all of whom are residents of the Middle District of North Carolina and in much closer proximity to this court than to the Wilkesboro Division of the Western District. The other defendants are the Debtor and the Movant. The Debtor apparently is a resident of the Western District, but the Movant is not. The attorneys in this proceeding are evenly split, with the Movant's attorney being a resident in the Charlotte Division of the Western District and the attorney for the other defendants being a resident in the Greensboro Division of the Middle District. There was no evidence that the Movant intends to call witnesses from the Western District other than possibly the Debtor. These circumstances fall far short of showing by a preponderance of the evidence that a transfer of this proceeding to the Wilkesboro Division of the Western District

---

[2] The removal statute, 28 U.S.C. § 1452, provides that removal is "to the district court for the district where such civil action is pending . . . ."

would further the convenience of the parties.

CONCLUSION

Having considered the factors bearing on the interest of justice and convenience of the parties in this proceeding, the court concludes that the Movant has failed to meet his burden of showing by a preponderance of the evidence that the transfer of this proceeding to the Wilkesboro Division of the United States Bankruptcy Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1412 is warranted.

Now, therefore, it is ORDERED that the motion for change of venue pursuant to 28 U.S.C. § 1412 shall be and hereby is denied.

This 29th day of February, 2008.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

SERVED ON ALL PARTIES IN INTEREST